**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re:  Andrew F. Kuzy, | ) | Bankruptcy No. 18-21728-CMB |
| Colleen A. Kuzy, | ) | |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |
| | ) | |

AMENDED CHAPTER 11 PLAN

Brian C. Thompson, Esquire
PA-91197
THOMPSON LAW GROUP, P.C.
125 Warrendale Bayne Road, Suite 200
Warrendale, PA 15086
724-799-8404 Telephone
724-799-8409 Facsimile
bthompson@thompsonattorney.com

Dated:  April 5, 2019

TABLE OF CONTENTS

| | | |
|---|---|---|
| 1. | Definitions | Page 3 |
| 2. | Classification of Claims and Equity Interest into Classes | Page 6 |
| 3. | Designation of Classes | Page 6 |
| 4. | Impairment | Page 7 |
| 5. | Implementation of Plan | Page 8 |
| 6. | Provisions for Claims Generally | Page 9 |
| 7. | Treatment under the Plan and Provision for Payment | Page 10 |
| 8. | Executory Contracts and Unexpired Leases | Page 13 |
| 9. | Retention of Jurisdiction | Page 14 |
| 10. | Conditions of this Plan | Page 15 |
| 11. | General Provisions | Page 15 |
| 12. | Amendment | Page 19 |
| 13. | Cramdown | Page 19 |
| 14. | Alternative to Plan | Page 19 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re: Andrew F. Kuzy, | ) | Bankruptcy No. 18-21728-CMB |
| Colleen A. Kuzy, | ) | |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |
| | ) | |

## CHAPTER 11 PLAN OF REORGANIZATION

The above-referenced individual, who is a Debtor-in-Possession, proposes the following Amended Plan of Reorganization ("Plan") pursuant to § 1121.

## ARTICLE 1 – DEFINITIONS

For Purposes of this Plan, except as otherwise expressly provided herein or unless the context otherwise requires, the following capitalized terms shall have the meaning set forth below:

1.1  *Adequate Protection Payments* shall mean payments made between the filing date and confirmation date by Debtor in respect to secured claims.

1.2  *Administrative Claims* shall mean costs and expenses of administration of this Chapter 11 case allowed under § 503 and entitled to priority under § 507 of the Code.

1.3  *Allowed Claim* shall mean a claim against the Debtor to the extent:

    a.    A proof of such claim was:
           (1)    Timely filed; or
           (2)    Deemed filed pursuant to §1111 (a) of the Bankruptcy Code; or
           (3)    Filed late with leave of the Bankruptcy Court after notice and opportunity for hearing given to the Debtor's counsel; and

    b.    (1)    Which is not a Disputed Claim; or
           (2)    Which is allowed (and only to the extent allowed) by a Final Order, after objection, if any, and hearing; and

    c.    (1)    With respect to any professionals seek compensation

in connection with this case, when said compensation has been allowed by Order of the Bankruptcy Court after notice and hearing as provided in the Bankruptcy Code.

1.4  *Litigation* shall mean actions in the United States District Court or Bankruptcy Court for the Western District of Pennsylvania with any caption including the Debtor.

1.5  *Bankruptcy Court* shall mean that unit of the United States District Court for the Western District of Pennsylvania known as the United States Bankruptcy Court for the Western District of Pennsylvania located at 54th Floor, USX Tower, 600 Grant Street, Pittsburgh, Pennsylvania 15219 or any Court having jurisdiction to hear and determine appeals there from.

1.6  *Business Day* shall mean between 9:00 a.m. and 5:00 p.m. local Pittsburgh time on every day, except Saturdays, Sundays and national holidays.

1.7  *Claim* shall have the meaning set forth in §101(5) of the Bankruptcy Code.

1.8  *Class* shall mean the category of holders of claims or equity interests in such category as provided by 11 U.S.C. §1122 of the Code and as defined in the context of this Plan.

1.9  *Closing Date* shall mean the closing by the Debtor as to all instruments and documents required to be executed under this Plan.

1.10  *Collateral* shall mean any property in which the Debtor has an interest and which secures an allowed claim.

1.11  *Confirmation Date* shall mean the date when the Clerk of the Bankruptcy Court shall have entered the Confirmation Order on the docket.

1.12  *Confirmation Order* shall mean the Order entered by the Bankruptcy Court confirming the Plan pursuant to §1129 of the Bankruptcy Code.

1.13  *Creditor* shall mean any person having a claim against the Debtor that arose on or before the filing date or a claim against the Debtor's estate of a kind specified in §502(g) (h) or (l) of the Bankruptcy Code.

1.14  *Disclosure Statement* shall mean the Disclosure Statement of the Debtor to be filed for approval of the Bankruptcy Court pursuant to §1125 of the Bankruptcy Code.

1.15  *Disputed Claims* shall mean alleged claims against or equity interests in the Debtor listed as disputed, contingent or unliquidated on the Debtor's schedules or

      amended schedules for which a timely proof of claim is filed, or to which an objection has been timely filed within sixty (60) days after the confirmation date by a party in interest and which objection is not the subject of a Final Order or has not been withdrawn.

1.16    *Distribution Date and Effective Date of the Plan* shall mean the date that the confirmation order is entered or any other time as the court deems appropriate.

1.17    *Interim Financing* shall mean any loan, which is approved by the Bankruptcy Court under 11 U.S.C. §364 and funded prior to the plan effective date.

1.18    *Final Order* shall mean an Order, judgment or decree of the Bankruptcy Court as to which (a) any appeal that has been timely taken, has been finally determined or dismissed; (b) the time for appeal has expired and no appeal has been timely taken in accordance with Rule 8002 of the Rules of Bankruptcy Procedures and any applicable local procedural rule; or (c) an appeal has been timely taken, but such Order has not been stayed by appropriate cash bond or equivalent under Rule 8005 of the Rules of Bankruptcy Procedure.

1.19    *Plan* shall mean this Plan of Reorganization, as the same may be amended or modified from time to time in accordance with the provisions of this Plan and §1127 of the Code, all addendums, exhibits, schedules, releases, and other attachments hereto, all of which are incorporated herein by reference as though fully set forth herein.

1.20    *Priority Tax Claim* shall mean any claim entitled to priority pursuant to §507(a)(8) of the Code to the extent it is an allowed claim.

1.21    *Schedules* shall mean the schedules of assets and liabilities filed by the Debtor, with the Bankruptcy Court as required by 521 of the Code, and any amendments thereto as allowed by the Bankruptcy Court.

1.22    *Secured Claim* shall mean an allowed claim in respect to which a security interest is held in or against any property of the Debtor's estate, to the extent of the value of such creditor's interest in the estate's interest in such property; and to the extent the claim is perfected against a trustee under 11 U.S.C. §544. If the value of such creditor's interest is less than the amount of the allowed claim held by it, then such creditor shall hold an unsecured claim for the deficiency amount; if the creditor's claimed security is not perfected, it will have an unsecured claim; but only to the extent the creditor has filed a claim.

1.23    *Unsecured Claim* shall mean any claim other than an administrative claim; secured claim or a priority claim, to the extent it is an allowed claim.

1.24    *Gender and Number* when used herein, words importing any gender may be applied to and include all persons; words importing the plural number may be

applied to and mean a single person or thing, and words importing the singular number may be applied to and mean more than single person or thing.

1.25  *General Rule of Interpretation* unless otherwise defined herein, all terms used in this Plan shall have the meanings set forth in the Bankruptcy Code.

## ARTICLE 2 – CLASSIFICATION OF CLAIMS AND INTERESTS INTO CLASSES

| | | |
|---|---|---|
| 2.1 | Class 1 | Administrative Claims (Unimpaired) |
| 2.2 | Class 2 | Secured Claims (Impaired) |
| 2.3 | Class 3 | Secured Claims (Unimpaired) |
| 2.4 | Class 4 | Secured Tax Claims (Impaired) |
| 2.5 | Class 5 | Priority Unsecured Claims (Unimpaired) |
| 2.6 | Class 6 | General Unsecured Claims (Impaired) |

## ARTICLE 3 – DESIGNATION OF CLASSES

3.1  Class 1 shall consist of fees to the U.S. Trustee; the Clerk of Courts and any professional's fees, which are entitled to priority, under 11 U.S.C. §507(a)(1). These shall include, if applicable, the following:

(a) Any attorney who successfully recovers any money on behalf of the estate 11 U.S.C. §503(b)(4);

(b) Any loan broker who successfully obtains a loan;

(c) Approved Attorney for the Debtors; Thompson Law Group, P.C.; and

(d) Accountant for the Debtor; 11 U.S.C. §503(b)(4).

This Class shall also include administrative expenses incurred during the Administration, including the following:

(e) Internal Revenue Service, if any;

(f) PA Department of Revenue and PA Department of Labor & Industry, if any;

(g) Claims for any unpaid ongoing expenses accrued during the course of the Debtors' operation, if any;

6

(h) All U.S. Trustee's fees and Clerk of Bankruptcy Court charges; and

(I) All professional fees are subject to the Bankruptcy Court's approval under §330(a)(1) of the Bankruptcy Code and Bankruptcy Rule 2016; and only to the extent professionals preserved the estate.

(J) All lease agreements and other ongoing costs of operation customary in Debtor's Business.

3.2 Class 2 shall consist of the following secured tax claim:

    a. Ally Bank (Secured claim against 2014 Chevrolet Cruze).

    b. Key Bank (Business loan secured against 531 Warrick Drive, Washington PA, 15301)

3.3 Class 3 shall consist of the following secured claims:

    a. PNC Bank (First position Mortgage on 531 Warrick Drive, Washington PA, 15301)

3.4 Class 4 shall consist of the secured tax claims:

    a. Pennsylvania Department of Revenue

    b. Washington County Tax Authority

3.5 Class 5 shall consist of the priority unsecured tax claim of the Pennsylvania Department of Revenue

3.6 Class 6 shall consist of all creditors who have allowed General Unsecured Claims.

## **ARTICLE 4 – IMPAIRMENT**

THE FOLLOWING CLASSES ARE NOT IMPAIRED; THEY DO NOT VOTE UPON THIS PLAN:

Class 1 – Unimpaired

Class 3– Unimpaired

7

THE FOLLOWING CLASSES ARE IMPAIRED; THEY WILL VOTE UPON THIS PLAN:

    Class 2 - Impaired

    Class 4 - Impaired

    Class 5 – Impaired

    Class 6 – Impaired

### ARTICLE 5 – MEANS FOR IMPLEMENTATION OF THE PLAN

    5.1    *Implementation of the Plan.*  The Plan is to be implemented by the reorganized Debtors through the sale of the real estate held by the debtor.  Specifically, the Debtor intends to sell the real estate located at 147 Heeter Road, Knox, PA 16232.  The proposed sale price is $230,000.

    5.2    *Litigation Necessary or Possible to Consummate Plan.*
Debtor does not anticipate additional litigation unless issues arise regarding compliance with the agreement between the Debtor and the Beaver County Sewer and Water Authority.

    5.3    *Escrow of any Disputed Claim.*

    None.

    5.4    *Miscellaneous Provisions*

    (a)    The Reorganized Debtors shall have the exclusive right to negotiate with any administrative claimant, any secured creditor, or any disputed creditor, any insurance carrier, or any account receivable to discount or settle any dispute.  The Debtors will not need Court approval to discount or settle any claim(s) after confirmation.

(b) All causes of action, all avoiding powers, all choices in action of any type, which were the property of the Debtors at the time of the commencement of this case, shall remain the property of the Debtors under this Plan.

(c) The Disbursing Agent for plan payments shall be the Debtors.

## ARTICLE 6 – PROVISIONS FOR CLAIMS GENERALLY

6.1 Upon completion of all payments required under this Plan, unless after notice and a hearing the court orders otherwise for cause, the Debtors and the Reorganized Debtors shall be deemed to have the benefits and effects of Code §1141.  The Reorganized Debtors shall be deemed to have the benefits of Code §1141(c).  The Debtors shall be deemed to be fully discharged and released from any claim or right not retained under this plan pursuant to Code §1141(d)(1)(A) and rights shall be terminated except as provided for in the Plan.

Upon completion of Plan payments, or after notice and a hearing the court order otherwise, for cause, a Discharge Order will be issued to clearly eliminate any possibility of post-confirmation attempts to collect any debt or right discharged under this plan.

6.2 In the event that the claim of any creditor is contingent, unliquidated or subject to dispute on the confirmation date, the Creditor must request the Bankruptcy Court to estimate its claim for the purpose of allowance under §502 of the Code, prior to the confirmation date in accordance with Bankruptcy Rule 3013.  Any disputed, contingent or unliquidated claim, which fails to comply with this procedure, shall not be entitled to vote on the Plan since that would unduly delay the administration of this Chapter 11 case.

6.3 All Pre-Confirmation defaults by the Debtors shall be discharged and waived by the Order of Confirmation.  Any right to declare a default by the insolvency of the Debtors or the

9

right to declare a default because the Debtors filed for protection under the Bankruptcy Code shall be unenforceable against the Debtors or the Reorganized Debtors.

## ARTICLE 7 – TREATMENT UNDER THE PLAN AND PROVISION FOR PAYMENT

7.1     <u>Class 1 - Administrative Claims.</u>

The Class 1 claims, to the extent it is an allowed priority claim, shall be paid their principal claim in full without interest on or before the distribution date by a payment to the holder of such a claim except as provided below or as otherwise agreed by each member of the class of persons in this class.  Professional person in Class 1 whose claims have been finally approved and allowed by the court pursuant to Code Section 330 or 503 shall be paid on the effective date or anytime thereafter, as is appropriate, the amount that has been agreed to by the individual professional persons.  The following claims <u>arising after the filing date</u> and related to the ongoing business expenses of Debtor shall be paid by the reorganized Debtor or any successor according to the stated payment terms of such liability, unless otherwise disputed or rejected in accordance with proper procedures: (a) allowed accounts payable, (b) executory contracts , unexpired leases, purchase orders and sales orders, (c) unpaid utility bills, (d) the liability for federal and state income taxes or other taxes, up to the maximum amount payable under Class 1 arising in the ordinary course of business, (e) fees and expenses of the Debtor's counsel and (f) other professionals for services to be rendered <u>after</u> the closing date in prosecuting any causes of action, prosecuting objections to claims, settling claims or advising the reorganized Debtor with respect to claims, any other services provided to the purchaser in

10

connection with the implementation for this Plan all subject to court approval, after notice and a hearing.

    7.2    <u>Class 2 – Secured Claims (Impaired).</u>

    1.    <u>Ally Bank</u>

The secured claim of Ally Bank in the amount of $4,955.81, minus any post filing, pre-confirmation payments made, secured against Debtors' 2014 Chevrolet Cruze, shall be paid 7% interest over 3 years, with 36 equal monthly payments of $153.03, starting from the effective date of the plan, with lien retained until paid in full.

    2.    <u>Key Bank, N.A.</u>

The secured portion of Key Bank's claim in the amount of $72,705.03 is secured against the residence of the Debtors known as 531 Warrick Drive, Washington PA 15301 and shall be paid 4% interest over 25 years, with 300 equal monthly payments of $383.76, with lien retained until paid in full.

    7.3    <u>Class 3 – Secured Claim of PNC Bank (Unimpaired).</u>

    1.    <u>PNC Bank</u>

The secured claim of PNC Bank in the amount of $115,187.00 is secured against the residence of the Debtors known as 531 Warrick Drive, and shall be paid according to the original contract Debtors' entered into with PNC. Any arrears on this debt will be cured via a loan modification. Debtors will have a deadline of sixty (60) days, or June 4, 2019, to seek loan modification terms with PNC. Should Debtors fail to seek loan modification by June 4, 2019, then Debtors will file an Amended Chapter 11 Plan by July 4, 2019.

    7.4    <u>Class 4, Secured Tax Claims (Impaired).</u>

    1.    <u>Pennsylvania Department of Revenue.</u>

11

The secured claim of the Commonwealth of Pennsylvania for 2012 and 2014 Personal Income taxes in the amount of $4,044.37 secured against 531 Warrick Drive, shall be paid at 6% interest over 5 years with 60 monthly payments of $78.19.

    2.    <u>Washington County Tax Authority</u>

The secured claim of the Washington County Tax Authority for 2016, 2017, and 2018 Real Estate taxes in the amount of $12,107.97 secured against 531 Warrick Drive, shall be paid at 10% interest over 5 years with 60 monthly payments of $257.26.

    7.5    <u>Class 5, Priority Unsecured Claims (Impaired).</u>

    1.    <u>Pennsylvania Department of Revenue</u>

The unsecured priority claim of the Pennsylvania Department of Revenue in the amount of $3,273.46 shall be paid at 0% interest over 5 years, with 60 equal monthly payments of $54.56.

Payments shall commence on the effective date and be paid before the 10th day of every month until the pre-petition unsecured priority claim is paid in full as outlined above.

    7.6    <u>Class 6, General Unsecured Creditors (Impaired).</u>

Payment to the general unsecured pool will be $3,500 to be paid in annual installments over 5 years.

This will result in 5 equal annual payments of $700 to Class 6. The general unsecured creditors shall be paid a currently estimated 7% of their claims over 5 years.

    7.7    All creditors modified under this Plan may not enforce any remedies under their contracts, notes, mortgages or judgments unless the Debtor has materially defaulted under the Plan. A material default has not occurred until the Debtor has failed to make two payments and the creditor has given notice by Certified Mail to the Debtor, Debtor's undersigned Counsel and the Disbursing Agent, if any, of the default. The Debtor shall have 30 days to cure any default

after receipt of Notice of Default. If the Debtor fails to cure the default, then the creditor shall send an Affidavit of Default to the Debtor and Debtor's Counsel. Upon receipt of that Affidavit, the creditor may enforce its rights as modified under this Plan.

7.8   The Debtor may accelerate payments to any class under this Plan and pre-pay creditors if funds become available.

### ARTICLE 8 - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

8.1   Debtors have no other known executory contracts or unexpired leases.

8.2   <u>Executory Contracts and Unexpired Leases</u>. In accordance with sections 365(a) and 1123(b)(2) of the Bankruptcy Code, all executory contracts and unexpired leases that have not been assumed or assumed and assigned as of the Confirmation Date will be deemed expressly rejected by the Debtors as of the Confirmation Date unless otherwise provided for herein.

8.3   <u>Insurance Policies</u>. All of the Debtors' insurance policies and any agreements, documents or instruments relating thereto are treated as executory contracts under the Plan, however, notwithstanding anything to the contrary contained herein, all insurance policies will be deemed assumed by operation of the Plan as of the Confirmation Date unless a motion to reject any such insurance policy is filed on or before the Confirmation Date or such date allowed by the Bankruptcy Court.

8.4   <u>Bar Date for Filing Proofs of Claim Relating to Executory Contracts and Unexpired Leases Rejected by Operation of the Plan</u>. Claims arising out of the rejection of any executory contract or unexpired lease pursuant to this section must be filed with the Clerk of the Court for the Bankruptcy Court and served upon the Debtor no later than thirty (30) days after the later date of (i) notice of entry of an order approving the rejection of such executory contract

13

or unexpired lease, or (ii) notice of entry of the Confirmation Order. All claims not filed within such time will forever be barred from asserting such claims against the Debtors, Estates, the Debtors, and their property.

## **ARTICLE 9 – RETENTION OF JURISDICTION**

9.1     The Bankruptcy Court shall, after the confirmation date and until final consummation, be entitled to exercise exclusive jurisdiction over the following matters:

(a) To consider any modification of this Plan pursuant to Section 1127 of the Code;

(b) To determine the allowance of all claims against the Debtors pursuant to Section 502 of the Code;

(c) To hear and determine any objections filed within thirty (30) days after confirmation date to the allowance of any claim;

(d) To hear and determine any adversary proceeding or contested matter, controversy, suit or dispute over which the Bankruptcy Court has jurisdiction under 28 U.S.C. Sections 157 and 1334;

(e) To hear and determine all controversies, suits and disputes that may arise in connection with the interpretation or enforcement of the Plan;

(f) To issue such orders as may be necessary for the administration and/or consummation of this Plan, including complaints to determine secured claims;

(g) To set and determine all professional fees and other costs of administration in this Chapter 11 case;

(h) For such other purposes as may be set forth in the Confirmation Order; and

(i) To enter such Orders as are necessary and appropriate under the Code.

## ARTICLE 10 – CONDITIONS OF THIS PLAN

10.1    The Plan shall not be confirmed, the Debtors shall have no obligation to make any loans or advances as Debtors, Debtors shall have no liability to any person, and the Plan shall be of no effect unless all of the following conditions have been satisfied, or waived in the sole discretion of Debtors:

(a)    A Final Order of Confirmation shall have been entered on the docket of the court; and

(b)    There is no material or adverse change in the condition of the assets from Debtors; and

(c)    The Creditors have not taken any bad faith action against the Debtor, Debtors' estate or Debtors' operations.

## ARTICLE 11 – GENERAL PROVISIONS

11.1    Amendments.  Amendments This Plan may be amended by the Plan Proponent at any time prior to the confirmation date and thereafter as provided in Section 1127 of the Code.

11.2    Headings.  The headings included in this Plan are for the sake of convenience and reference only and shall not constitute part of this Plan for any other purpose.

11.3    Interests.  Except as specifically set forth in the Plan or in any Final Order of the Court entered during this Chapter 11 case, interest shall be deemed not to have accrued with respect to any claim since the filing date and no payment of said interest will be made pursuant to the Plan.

11.4    This Plan contemplates that the case will be closed and a final decree entered as soon as all the following have occurred:

    (a)    All final fee applications have been filed and approved.  No fee application other than counsel fees shall be allowed unless they have been filed prior to forty-five (45) days after the Order of Confirmation is entered;

    (b)    All objections to claims and adversary actions are filed and resolved;

    (c)    The Debtor has made the first payment to the administrative claimants; and

    (d)    The Debtor has complied with the Post-Confirmation Order.

11.5    The Debtor may accelerate the payments if funds become available.

11.6    The rights of Class 5 to payment under this Plan by the Plan Proponent will be an unsecured obligation of the reorganized Debtor and unenforceable against estate assets listed on Debtor's Schedules, unless there is a Plan default.

11.7    <u>Time Bar to Cash Payments.</u>  Checks issued in accordance with the Plan in respect of Allowed Claims shall be null and void if not negotiated within sixty (60) days after the date of issuance thereof. Requests for reissue of any check shall be made to the Debtors by the holder of the Allowed Claim to whom such check was originally issued. Any Claim in respect of such a voided check shall be made on or before thirty (30) days after the expiration of the sixty (60) day period following the date of issuance of such check. Thereafter, the amount represented by such voided check shall irrevocably revert to the Debtors and any Claim in respect of such voided check shall be discharged and forever barred from assertion against the Debtors and Debtors' property.

11.8    <u>Transactions on Business Days.</u>  If the Effective Date or any other date on which a transaction may occur under the Plan shall occur on a day that is not a Business Day, the transactions contemplated by the Plan to occur on such day shall instead occur on the next Business Day but shall be deemed to have been completed as of the required date.

11.9    <u>Release of Liens.</u>  Except as otherwise specifically provided herein (See Article 7) or contemplated by the Plan or in any contract, instrument or other agreement or document created in connection with the Plan, (i) each holder of: (a) any purported Secured Claim and/or (b) any judgment, personal property or *ad valorem* tax, molder, warehouse or artisan or similar Lien Claim, in each case regardless of whether such Claim is an Allowed Claim, shall, on or immediately before the Effective Date and regardless of whether such Claim has been scheduled or proof of such Claim has been filed:  (1) turn over and release to the Estate any and all property of the Debtors or the Estate that secures or purportedly secures such Claim, or such Lien and/or Claim shall automatically, and without further action by the Debtors be deemed released and (2) execute such documents and instruments as the Debtors requires to evidence the holder of a Claim's release of such property or Lien, and if such holder refuses to execute appropriate documents or instruments, the Debtors in his discretion, may file a copy of the Confirmation Order in the appropriate recording office, which shall serve to release any holder of a Claim's rights in such property; and (ii) on the Effective Date, all right, title and interest in such property shall revert or be transferred to the Debtors, free and clear of all Claims, interests, and Liens of any kind.

11.10    <u>Cancellation of Existing Securities and Agreements.</u>  On the Effective Date, except as expressly provided in this Plan, the securities, promissory notes, trust indentures, share certificates, security agreements, deeds of trust, personal guarantees, collateral agency agreements and other instruments evidencing or securing a Claim shall be deemed cancelled without further act or action under any applicable agreement of Law, and the obligations of the Debtor and the personal guarantors under the agreements, instruments, trust indentures, guarantees and certificates governing and securing such Claims shall be discharged.

17

11.11 <u>No Realty Transfer Tax.</u> This plan does not contemplate the sale of any real estate. Should the Debtors wish to sell real estate as part of the plan, the plan shall be amended accordingly with notice to creditors. Nevertheless, the Debtors reserve the following rights: Subject to orders entered by the Bankruptcy Court authorizing certain sales/transfers of real property in connection with any real property transaction, pursuant to section 1146(a) of the Bankruptcy Code, the assignment or surrender of any lease or sublease, or the delivery of any deed or other instrument of transfer thereunder, including any deeds, bills of sale or assignments executed in connection with any disposition of assets contemplated by the Confirmed Plan shall not be subject to any stamp, real estate transfer, mortgage recording or other similar tax.

11.12 <u>Severability.</u> If, prior to the entry of the Confirmation Order, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court, at the request of the Debtors, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

11.13 <u>Post-Effective Date Fees and Expenses.</u> From and after the Effective Date, the Debtors will, in the ordinary course of business, and without the necessity of any approval from the Bankruptcy Court, pay the reasonable fees and expenses of Professional persons hereafter

18

incurred by the Debtors, including without limitation, those fees and expenses incurred in connection with the implementation and consummation of the Plan.

    11.14   Revesting of Assets.

    (A)   On the Effective Date, except as otherwise provided under the Plan, all property of the Estates will re-vest in the Debtors.

    (B)   As of the Effective Date, all property of the Debtors will be free and clear of all liens, claims and interests, except as provided in the Plan.

### ARTICLE 12 – AMENDMENT

    12.1   The Proponent of the Plan reserves the right to amend this Plan prior to confirmation for any reason, including the following: a) if there is a substantial event that alters the feasibility of this Plan, b) if the Plan fails to meet the requirements of 11 U.S.C. Section 1122 c) or if this Plan does not meet the requirements of 11 U.S.C. Section 1129 after a ballot of creditors.

### ARTICLE 13 - CRAMDOWN

    13.1   Cramdown.  In the event all Classes of creditors do not vote in favor of the Plan in the requisite majorities, and in the event at least one impaired Class votes to accept the Plan in the requisite majorities, the Debtors may seek to confirm the Plan notwithstanding rejection of the Plan by one or more impaired classes, pursuant to 11 U.S.C. § 1129(b) of the Bankruptcy Code.

### ARTICLE 14 -ALTERNATIVE TO PLAN

    14.1   Liquidation.  Liquidation under chapter 7 would result in smaller distributions and possibly no distributions to some creditors, as the case may be, compared with distributions

under this Plan. The costs and fees of administering a liquidation of Debtor's assets would contribute to decreased distributions under a Chapter 7 case. Further, the secured creditor would is currently seeking to sell all of the properties at a sheriff sale. The Plan not only preserves the best value of the Estate, it also provides for the most effective and efficient disposition and administration of the Debtor's assets. The likelihood of no other claims being paid, except for some secured claims, is very likely under this scenario.

Respectfully Submitted,

Date: April 5, 2019

*/s/Brian C. Thompson*
Brian C. Thompson, Esquire
PA-91197
THOMPSON LAW GROUP, P.C.
125 Warrendale Bayne Road, Suite 200
Warrendale, PA 15086
724-799-8404 Telephone
724-799-8409 Facsimile
bthompson@thompsonattorney.com