**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | ) Bankruptcy No. 18-21728-CMB |
| | ) |
| ANDREW F. KUZY | ) Chapter 11 |
| COLLEEN A. KUZY | ) |
| | ) Document No. _____ |
| Debtor(s). | ) |

**<u>AMENDED CHAPTER 11 PLAN OF REORGANIZATION</u>**
**<u>DATED NOVEMBER 14, 2020</u>**

 

 

**Jeffrey J. Sikirica, Esquire**
**PA ID # 36745**
**121 Northbrook Drive**
**Gibsonia, PA 15044**
**(724) 625-2566**

**DATED:  November 14, 2020**

TABLE OF CONTENTS

1. Definitions .................................................................................................. Page 3

2. Classification of Claims and Equity
   Interests into Classes ................................................................................ Page 7

3. Designation of Classes ................................................................................ Page 7

4. Impairment .................................................................................................. Page 9

5. Means for Implementation of the Plan ........................................................ Page 9

6. Provisions for Claims and Equity
   Security Interests Generally ..................................................................... Page 10

7. Treatment under the Plan and
   Provision for Payment .............................................................................. Page 11

8. Retention of Jurisdiction ............................................................................ Page 14

9. General Provisions ..................................................................................... Page 14

10. Amendment ............................................................................................... Page 15

11. Crandown ................................................................................................... Page 16

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Bankruptcy No. 18-21728-CMB |
| | ) |
| ANDREW F. KUZY | ) Chapter 11 |
| COLLEEN A. KUZY | ) |
| | ) Document No. _____ |
| Debtor(s). | ) |

### CHAPTER 11 PLAN OF REORGANIZATION

Jeffrey Sikirica, Chapter 11 Trustee, proposes the following Plan of Reorganization ("Plan") pursuant to §1121(b) and (c) of the Bankruptcy Code ("Code"), 11 U.S.C. §1121(b) and (d).

### ARTICLE 1 - DEFINITIONS

For purposes of this Plan, except as otherwise expressly provided herein or unless the context otherwise requires, the following capitalized terms shall have the meaning set forth below:

**1.1** *Administrative Claims* shall mean the costs and expenses of administration of this Chapter 11 case allowed under §503 (b) and entitled to priority under §507 (a) (1) of the Code.

**1.2** *Allowed Claim* shall mean a claim against the Debtor to the extent.

    **a.**     A proof of such claim was:

        **(1)**     Timely filed; or

        **(2)**     Deemed filed pursuant to § 1111 (a) of the Bankruptcy Code; or

        **(3)**     Filed late with leave of the Bankruptcy Court after notice and opportunity for hearing given to the Debtor's counsel; and

    **b.**     **(1)**     Which is not a Disputed Claim; or

        **(2)**    Which is allowed (and only to the extent allowed) by a Final Order, after objection, if any, and hearing; and

  **c.**    **(1)**    With respect to any professionals seeking compensation in connection with this case, when said compensation has been allowed by Order of the Bankruptcy Court after notice and hearing as provided in the Bankruptcy Code.

**1.3**    *Litigation* shall mean actions in the United States District Court or Bankruptcy Court for the Western District of Pennsylvania and any other court of federal or state jurisdiction with any caption including the Debtor and any action involving the Debtors in any court of competent jurisdiction whether or not they are pending at the time this Plan is filed.

**1.4**    *Bankruptcy Court* shall mean that unit of the United States District Court for the Western District of Pennsylvania known as the United States Bankruptcy Court for the Western District of Pennsylvania located at 54th Floor, USX Tower, 600 Grant Street, Pittsburgh, Pennsylvania 15219 or any Court having jurisdiction to hear and determine appeals there from.

**1.5**    *Business Day* shall mean between 9:00 a.m. and 5:00 p.m. local Pittsburgh time on every day, except Saturdays, Sundays and national holidays.

**1.6**    *Claim* shall have the meaning set forth in §101(4) of the Bankruptcy Code.

**1.7**    *Class* shall mean the category of holders of claims or equity interests in such category as provided by 11 U.S.C. §1122 of the Code and as defined in the context of this Plan.

**1.8**    *Collateral* shall mean any property in which the Debtor has an interest and which secures an allowed claim.

**1.9**    *Confirmation Date* shall mean the date when the Clerk of the Bankruptcy Court shall have entered the Confirmation Order on the docket.

**1.10**    *Confirmation Order* shall mean the Order entered by the Bankruptcy Court confirming the Plan pursuant to 1129 of the Bankruptcy Code.

**1.11**    *Creditor* shall mean any person having a claim against the Debtor that arose on

or before the filing date or a claim against the Debtor's estate of a kind specified in §502(g) (h) or (i) of the Bankruptcy Code.

  **1.12** *Disclosure Statement* shall mean the Disclosure Statement of the Debtor, dated **September 11, 2017**, filed with and approved by the Court pursuant to §1125 of the Bankruptcy Code.

  **1.13** *Disputed Claims* shall mean alleged claims against or equity interests in the Debtor listed as disputed, contingent or unliquidated on the Debtor's schedules or amended schedules for which a timely proof of claim is filed, or to which an objection has been timely filed within thirty (30) days after the confirmation date by a party in interest and which objection is not the subject of a Final Order or has not been withdrawn.

  **1.14** *Distribution Date and Effective Date of Plan* shall mean that each allowed claim which is to receive cash under the Plan, either (a) the ninety-first (91st) business day after the Confirmation Order becomes a Final Order. On or before this date, the first distribution will occur to undisputed, allowed secured and priority claims from the sale of the business assets; or (b) if a claim is not allowed by the prior date, the sixtieth (60th) business day after the date on which a disputed claim is finally adjudicated and no further appeal can be taken.

  **1.15** *Exemption Rights of the Debtors* shall mean all rights of the Debtors under 11 USC 522 (C) and (D) as claimed by the Debtors in the Bankruptcy Schedule C and any amendments thereto, which have been allowed in accordance with the Bankruptcy Rules.

  **1.16** *Filing Date* shall mean **May 1, 2018**, the date on which **Andrew F. Kuzy and Coleen A. Kuzy** filed their petition for reorganization with the Bankruptcy Court.

  **1.17** *Final Order* shall mean an Order, judgment or decree of the Bankruptcy Court as to which **(a)** any appeal that has been timely taken, has been finally determined or dismissed; **(b)** the time for appeal has expired and no appeal has been timely taken in accordance with Rule

8002 of the Rules of Bankruptcy Procedure and any applicable local procedural rule; or **(c)** an appeal has been timely taken, but such Order has not been stayed by appropriate cash bond or equivalent under Rule 8005 of the Rules of Bankruptcy Procedure.

1.18    *Plan* shall mean this Amended Plan of Reorganization, dated **November 14, 2020**, as the same may be amended or modified from time to time in accordance with the provisions of this Plan and §1127 of the Code, all addenda, exhibits, schedules, releases and other attachments hereto, all of which are incorporated herein by reference as though fully set forth herein.

1.19    *Priority Claim* shall mean any claim entitled to priority pursuant to Section 507(a) (1) [Administrative] of the Code to the extent it is an allowed claim; except for priority tax claims.

1.20    *Priority Tax Claim* shall mean any claim entitled to priority pursuant to §507(a)(8) of the Code to the extent it is an allowed claim.

1.21    *Schedules* shall mean the schedules of assets and liabilities filed by Francis M. **Andrew F. Kuzy and Coleen A. Kuzy** with the Bankruptcy Court as required by 521 of the Code, and any amendments thereto as allowed by the Bankruptcy Court.

1.22    *Secured Claim* shall mean an allowed claim in respect to which a security interest is held in or against any property of the Debtor's estate, to the extent of the value of such creditor's interest in the estate's interest in such property; and to the extent the claim is perfected against a trustee under 11 U.S.C. § 544. If the value of such creditor's interest is less than the amount of the allowed claim held by it, then such creditor shall hold an unsecured claim for the deficiency amount; if the creditor's claimed security is not perfected it will have an unsecured claim; but only to the extent the creditor has filed a claim.

1.23    *Secured Creditor* shall mean any person, which holds a perfected secured claim.

**1.24** *Security Interest* shall mean a lien; as such term is defined in Section 101(37) of the Code on any of the property of the Debtors' estate.

**1.25** *Unsecured Claim* shall mean any claim other than an administrative claim; secured claim or a priority claim, to the extent it is an allowed claim.

**1.26** *Gender and Number* when used herein, words importing any gender may be applied to and include all persons; words importing the plural number may be applied to and mean a single person or thing, and words importing the singular number may be applied to and mean more than single person or thing.

**1.27** *General Rule of Interpretation* unless otherwise defined herein, all terms used in this Plan shall have the meanings set forth in the Bankruptcy Code.

## ARTICLE 2 - CLASSIFICATION OF CLAIMS AND INTERESTS INTO CLASSES

| | | |
|---|---|---|
| **2.1** | Class 1 - Administrative Claims | **(Unimpaired)** |
| **2.2** | Class 2 - Executory Contract - Lease with Current Tenant | **(Unimpaired)** |
| **2.3** | Class 3 - Secured Claim of Key Bank | **(Impaired)** |
| **2.4** | Class 4 - Secured Claim of PNC Bank | **(Impaired)** |
| **2.5** | Class 5 - Secured Claim of Ally Bank | **(Impaired)** |
| **2.6** | Class 6 - Secured Tax Claims of (1) Washington County Tax Authority & Pennsylvania Department of Revenue | **(Unimpaired)** |
| **2.7** | Class 7 - Priority Unsecured Tax Claims | **(Unimpaired)** |
| **2.8** | Class 8 - Non-Dischargeable General Unsecured Dect | **(Unimpaired)** |
| **2.9** | Class 9 - General Unsecured Claims | **(Impaired)** |

## ARTICLE 3 - DESIGNATION OF CLASSES

**3.1** **Class 1** shall consist of fees to the U.S. Trustee; the Clerk of Courts and any court approved professional's fees, which are entitled to priority, under 11 U.S.C. § 507 (a)(1). These shall include the following:

- **(a)** Chapter 11 Trustee and the Attorney for the Chapter 11 Trustee, Jeffrey J. Sikirica for his legal fees and expenses rendered during the Chapter 11 case;

- **(b)** Unpaid Court approved legal fees and expenses of the Thompson Law Group for services rendered during the Chapter 11 case on behalf of the Debtors; and

- **(c)** This Class shall also include administrative expenses incurred during the Administration, including the following:

    - **(1)** Internal Revenue Service, if any;

    - **(2)** PA Department of Revenue and PA Department of Labor & Industry, if any;

    - **(3)** All U.S. Trustee's fees and Clerk of Bankruptcy Court charges; and,

- **(d)** All professional fees are subject to the Bankruptcy Court's approval under §330(a) (1) of the Bankruptcy Code and Bankruptcy Rule 2106(a); and only to the extent professionals preserved the estate.

**3.2** **Class 2** shall consist of a lease with the current tenant at the Debtors' residence.

**3.3** **Class 3** shall consist of **Key Bank, N.A.** which is secured as the first mortgage holder on the Debtors' residence located at 531 Warrick Drive, Washington, PA 15301.

**3.4** **Class 4** shall consist of **PNC Bank N.A.** which is secured as the second mortgage holder on the Debtors' residence located at 531 Warrick Drive, Washington, PA 15301.

**3.5** **Class 5** shall consist **Ally Bank** which is secured in the Debtors' 2014 Chevrolet Cruze.

**3.6** **Class 6** shall consist of secured tax claims of the **Washington County Tax Authority** and the **Pennsylvania Department of Revenue** both secured by statutory liens on the Debtors' residence located at 531 Warrick Drive, Washington, PA 15301.

**3.7** **Class 7** shall consist of priority unsecured tax claims of the **Pennsylvania Department of Revenue.**

**3.8**   **Class 8** shall consist of the non-dischargeable unsecured claim of the **Commonwealth of Pennsylvania Office of the Attorney General** for criminal restitution.

**3.9**   **Class 9** shall consist of the pool of allowed **General Unsecured Creditors**.

## ARTICLE 4 - IMPAIRMENT

**THE FOLLING CLASSES ARE NOT IMPAIRED; THEY DO NOT VOTE UPON THIS PLAN:**

| | |
|---|---|
| **Class 1-** | **Unimpaired** |
| **Class 2-** | **Unimpaired** |
| **Class 6-** | **Unimpaired** |
| **Class 7-** | **Unimpaired** |
| **Class 8-** | **Unimpaired** |

**THE FOLLOWING CLASSES ARE IMPAIRED; THEY VOTE UPON THE PLAN:**

| | |
|---|---|
| **Class 3-** | **Impaired** |
| **Class 4-** | **Impaired** |
| **Class 5-** | **Impaired** |
| **Class 9-** | **Impaired** |

## ARTICLE 5 - MEANS FOR IMPLEMENTATION OF THE PLAN

**5.1**   The Plan is to be implemented by the reorganized Debtors through funds received by the Debtor Andrew F. Kuzy who is presently employed full time as a Funeral Assistant at Salandra Funeral and Cremation Services, Inc. located at 304 West Pike Street, Canonsburg, PA 15317 and through rent payments of part of his personal residence to his daughter. Debtors' household also receives social security and an annuity pension. Gross Debtors' income is anticipated to average $8,960.00 per month.

**5.2**   <u>Litigation Necessary or Possible to Consummate Plan</u>.

 (A)  Objection to claim(s), if any.

(B) Actions to determine secured status.

(C) Chapter 5 actions, if any.

(D) Action to enforce the Plan.

(E) The post-confirmation Debtors shall be entitled to all defenses, rights and counterclaims against any creditor in establishing an allowed claim, arrearages, or any amount due.

**5.3** Escrow of any Disputed Claim.

(A) At the time of distribution under the Plan, the Debtors may pay into an escrow account any payment(s) for disputed creditors until such time as a final order allowing that claim is entered.

(B) The Debtors may escrow any payment to any creditor if there is a possible claim or setoff that may be asserted against that creditor.

### ARTICLE 6 - PROVISIONS FOR CLAIMS AND EQUITY SECURITY INTERESTS GENERALLY

**6.1** At the time the Confirmation Order becomes a Final Order, all Creditors and the reorganized Debtors shall have their relationships modified and superseded by the terms of the Plan. The reorganized Debtors shall be deemed to have the benefits of Code Section 1141(c) and the Debtors shall be fully discharged and released following the completion of payments under this plan in accordance with the Bankruptcy Code.

**6.2** In the event that the claim of any creditor is contingent, unliquidated or subject to dispute on the confirmation date, the Debtors or the Creditor may, in their sole discretion, request the Bankruptcy Court to estimate for the purpose of allowance under Section 502 of the Code, as soon as practicable after the confirmation date, **(a)** any disputed, contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of

this Chapter 11 case, and **(b)** any right to payment arising from a right to an equitable remedy for breach of performance.

Any Disputed Creditor, who has not sought the right to vote an estimated amount prior to a hearing on the confirmation, shall not be entitled to vote upon this Plan of Reorganization.

**6.3** **Post confirmation Injunction** All entities that hold a claim against the Debtors are enjoined from taking any actions on account of any such claims, debts of liabilities:

A. Commencing or continuing in any manner any action or other proceedings against the Reorganized Debtors, Debtors' Estate or any property included in that estate, unless there has been a material default under the Confirmed Plan.

B. Enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against Reorganized Debtors, Debtors' Estate or any property included in that estate, unless there has been a material default under the Confirmed Plan.

C. Creating, perfecting or enforcing any lien or encumbrance Reorganized Debtors, Debtors' Estate or any property included in that estate, unless there has been a material default under the Confirmed Plan.

**6.4** **Effective Confirmation** The confirmation of this Plan shall revest the property of the estate into the reorganized Debtors.

## ARTICLE 7 - TREATMENT UNDER THE PLAN AND PROVISION FOR PAYMENT

**7.1** **Class 1 - Administrative Claims**. The Class 1 **Administrative Claims**, to the extent they are an allowed priority claim, shall be paid their principal claim in full without interest on or before the distribution date by a cash payment to the holder of such a claim except as provided below or as otherwise agreed by each member of the class of persons in this class. Professional persons who are in Class 1 and whose claims have been finally approved and

allowed by the Court pursuant to Code Section 330 or 503 shall be paid on the closing date. They shall be paid in full on the Plan effective date or in monthly installments in an amount that has been agreed to by the individual professional person with the Debtors.

  7.2 **Class 2 – Executory Contracts.** The Class 2 **Executory Contract** tenant in the Debtors' residential property will be assumed by this Plan.

  7.3 **Class 3 – Secured Claim of Key Bank.** The Class 3 **Secured Claim** of **Key Bank, N.A.** in the estimated amount of $119,000.00 on the Plan Effective Date and secured as the first mortgage holder on the Debtors' residence located at 531 Warrick Drive, Washington, PA 15301 shall be paid 3.5% interest over 180 months in monthly payments of $850.71. The first mortgage lien of Key Bank, N.A. will be retained until paid in full.

  7.4 **Class 4 – Secured Claim of PNC Bank, N.A.** The Class 4 **Secured Claim** of **PNC Bank, N.A.** in the estimated amount of $126,500.00 on the Plan Effective Date and secured as the second mortgage holder on the Debtors' residence located at 531 Warrick Drive, Washington, PA 15301 shall be paid 3.5% interest over 180 months in monthly payments of $904.33. The second mortgage lien of PNC Bank, N.A. will be retained until paid in full.

  7.5 **Class 5 – Secured Claim of Ally Bank.** The Class 5 claim of **Ally Bank** in the estimated amount of $4,955.81 on the Plan Effective Date and secured in the Debtors' 2014 Chevrolet Cruze shall be paid 6% interest over 36 months in monthly payments of $150.77. The lien of Ally Bank on the 2014 Chevrolet Cruze will be retained until paid in full.

  7.6 **Class 6 – Secured Tax Claims.**

  **1. Washington County Tax Authority.** The Class 6 **Secured Tax Claim** of the **Washington County Tax Authority** in the estimated amount of $14,000.00 on the Plan Effective Date and secured by the Debtors' residence located at 531 Warrick Drive, Washington, PA 15301 pursuant to a statutory lien shall be paid in full with 10% interest over 36 months in monthly payments of $451.74 or sooner should funds become available.

**2. Pennsylvania Department of Revenue.** The Class 6 **Secured Tax Claim** of the **Pennsylvania Department of Revenue** in the estimated amount of $4,100.00 on the Plan Effective Date and secured pursuant to a statutory lien on the Debtors' residence located at 531 Warrick Drive, Washington, PA 15301 and certain of the Debtors' personal property shall be paid in full with 6% interest over 36 months in monthly payments of $124.73 or sooner should funds become available.

7.7    **Class 7 – Priority Unsecured Claim - Taxes.** The Class 7 claim of the **Pennsylvania Department of Revenue** in the estimated amount of $2,309.84 on the Plan Effective Date shall be paid in full over 36 months in monthly payments of $38.50.

7.8    **Class 8 – Non-Dischargeable General Unsecured Claims.** The Class 8 claim of the **Commonwealth of Pennsylvania Office of the Attorney General** for criminal restitution in the estimated amount of $346,000.00 on the Plan Effective Date and said claim being non-dischargeable pursuant to *Kelly v. Robinson*, 479 U.S. 36 (1986) will continue to be paid monthly installments of $50.00 pursuant to the prior agreed payment plan number 63-2016-P00003264 filed in the Court of Common Pleas of Washington County.

7.9    **Class 9 - General Unsecured Creditors**. The Class 9 pool of allowed **General Unsecured Creditors** will be paid a total sum of $3,600.00 on a pro rata basis spread out into annual installments over 5 years. Payments shall commence within the 12th month following the Plan Effective Date and each year thereafter. Allowed General Unsecured Creditors will be paid at least 4% of their claim. Said percentage of payment may increase depending on the results of an omnibus objection to be filed for stale claims. This class shall not be entitled to interest on their claims.

The Debtor shall escrow any funds due to a disputed claimant in Class 9 until their claim has been finally adjudicated or approved by the Debtors. The Debtors may only offer discounted settlements from excess funds and not from the required monthly payment.

## ARTICLE 8 - RETENTION OF JURISDICTION

**8.1** The Bankruptcy Court shall, after the confirmation date and until final consummation, be entitled to exercise exclusive jurisdiction over the following matters:

(a) To consider any modification of this Plan pursuant to Section 1127 of the Code;

(b) To determine the allowance of all claims against the Debtors pursuant to Section 502 of the Code;

(c) To hear and determine any objections filed within thirty (30) days after confirmation date to the allowance of any claim;

(d) To hear and determine any adversary proceeding or contested matter, controversy, suit or dispute over which the Bankruptcy Court has jurisdiction under 28 U.S.C. Sections 157 and 1334;

(e) To hear and determine all controversies, suits and disputes that may arise in connection with the interpretation or enforcement of the Plan;

(f) To issue such orders as may be necessary for the administration and/or consummation of this Plan, including complaints to determine secured claims;

(g) To set and determine all professional fees and other costs of administration in this Chapter 11 case;

(h) For such other purposes as may be set forth in the Confirmation Order; and

(i) To enter such Orders as are necessary and appropriate under the Code.

## ARTICLE 9 - GENERAL PROVISIONS

**9.1** <u>Default.</u> All creditors must give notice of any default to the Debtors by written notice specifying the alleged default and the action needed to cure the default. The Debtors shall have (30) thirty days to cure any default after receipt of that notice. No creditor may enforce any right or enforce any lien until this notice and opportunity to cure have been given. All notices of default must be mailed to the Debtors at their last known address. All notices under this paragraph must be sent by certified mail, return receipt requested to be effective. The terms of these notice rights must be strictly enforced as a condition precedent to any rights under this Plan.

**9.2** <u>Plan Controls.</u> In the event, and to the extent that any provision of the Plan is inconsistent with the provisions of the Disclosure Statement, the provisions of the Plan shall control.

**9.3** <u>Headings.</u> The headings included in this Plan are for the sake of convenience and reference only and shall not constitute part of this Plan for any other purpose.

**9.4** <u>Interest.</u> Except as specifically set forth in the Plan or in any Final Order of the Court entered during this Chapter 11 case, interest shall be deemed not to have accrued with respect to any claim since the filing date and no payment of interest will be made

**9.5** This Plan contemplates that the case will be closed and a final decree entered as soon as all of the following have occurred:

(a) All fee applications have been filed and approved. No fee application shall be allowed unless they have been filed prior to forty-five (45) days after the Order of Confirmation is entered;

(b) All objections to claims and any required adversary actions are filed and resolved;

(c) The Debtors has begun the initial distributions under the Plan;

(d) The Debtors has complied with the Post-Confirmation Order.

**9.6** The rights of Class 9 to payments under this Plan by the Debtors will be an unsecured obligation of the reorganized Debtors.

**9.7** The Debtors may accelerate the payments if finds become available.

## **ARTICLE 10 – AMENDMENT**

**10.1** The Proponent of the Plan reserves the right to amend this Plan any time prior to the confirmation date, as long as there is notice and an objection period provided to the Debtors' creditors and thereafter as provided in Section 1127 of the Code should there is a substantial event that alters the feasibility of this Plan or if the Plan fails to meet the requirements of 11

U.S.C. Section 1122 or if this Plan does not meet the requirements of 11 U.S.C. Section 1129, after a ballot of creditors.

## ARTICLE 11 – CRAMDOWN

**11.1** In the event all Classes of creditors do not vote in favor of the Plan in the requisite majorities, and in the event at least one impaired Class votes to accept the Plan in the requisite majorities, the Debtors may seek to confirm the Plan notwithstanding rejection of the Plan by one or more impaired classes, pursuant to 11 U.S.C. §1129(b) of the bankruptcy Code.

**Respectfully Submitted,**

**Date: November 14, 2020**     **By:** /s/ Jeffrey J. Sikirica
**Jeffrey J. Sikirica, Esquire**
**PA I.D. #36745**
**Attorney for Chapter 11 Trustee**
**121 Northbrook Drive**
**Gibsonia, PA 15044**
**(724) 625-2566 office**
**(724) 625-4611 fax**
SikiricaLaw@zoominternet.net